UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AVAIL 1 LLC,

                    Plaintiff,

v.

MICHAEL SHUMWAY, et al.,

                    Defendants.
_____

**ORDER**

6:24-CV-06059 EAW

Plaintiff Avail 1 LLC ("Plaintiff") commenced this action on January 30, 2024, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law, to foreclose a mortgage encumbering 6000 County Road 36, Honeoye, New York 14471. (Dkt. 1 at ¶ 1). Currently before the Court is Plaintiff's motion for default judgment of foreclosure and sale. (Dkt. 15). Because there are two fundamental issues with Plaintiff's request—questions about the Court's jurisdiction and whether Plaintiff has named the proper parties—the motion is denied without prejudice.

First, Plaintiff alleges jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (Dkt. 1 at ¶ 12). But the allegations contained in the complaint are insufficient to invoke this Court's jurisdiction.

"[I]t is well established that [t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (quotations and citation omitted). The complaint alleges, in pertinent part, that Plaintiff "is a single-member limited liability company. [Plaintiff's] single-

member is Avail Holding LLC. Avail Holding LLC is a single-member limited liability company, whose sole member is a citizen of the United States and is domiciled in the State of Florida. For the purposes of diversity, Avail is a citizen of the State of Florida." (Dkt. 1 at ¶ 3). These allegations are not enough to establish Plaintiff's citizenship, or Plaintiff's burden of demonstrating complete diversity.

"With the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity." *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013). Here, Plaintiff claims it is a single-member limited liability company, with its single-member being Avail Holding LLC. Plaintiff further alleges that Avail Holding LLC's sole member is domiciled in Florida. That said, the complaint does not state the status of the sole member of Avail Holding LLC. If Avail Holding LLC is an LLC, the Court must examine the members of that LLC to determine whether it has diversity jurisdiction. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (discussing that for purposes of diversity jurisdiction, limited liability companies and limited partnerships have the citizenship of their members).

This Court is bound by the "inflexible rule" requiring it "without exception" to determine *sua sponte* if jurisdiction is lacking. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). In this case, it is unclear from the face of the complaint that complete diversity exists.

Second, the complaint alleges that the defendants are the next of kin and heirs of the decedent borrowers. (Dkt. 1 at ¶¶ 6-10). But the borrowers' estate has not been named as a defendant.

"Under New York law, the estate is a necessary party to a foreclosure action when the mortgagor has died." *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016*, No. 19-CV-2229 (GRB) (ARL), 2022 WL 4451060, at *3 (E.D.N.Y. Aug. 18, 2022). But "where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees, in whom title to the real property automatically vests." *Id.* (quoting *NRZ Pass-Through Tr. IV v. Tarantola*, 192 A.D.3d 819, 821 (2d Dep't 2021) (internal quotation marks omitted)).

Here, Plaintiff has not alleged that the decedent borrowers died intestate. In fact, Plaintiff has not even addressed the proper party to sue in a motion for default judgment of foreclosure and sale when the borrowers have died. *United States v. Battle*, No. 20-CV-82-LJV, 2022 WL 2437034, at *1 (W.D.N.Y. July 5, 2022) ("where a plaintiff submits evidence that the deceased mortgagor died intestate and is not seeking a deficiency judgment, courts have found that the estate is not a necessary party") (collecting cases); *Toiny LLC v. Gill*, No. 18-CV-40 (NGG) (VMS), 2022 WL 4118520, at *3 (E.D.N.Y. Sept. 9, 2022) (holding that the estate or, alternatively, two additional distributees were necessary parties where the record contained insufficient information to determine whether the named defendants were the only distributees). Therefore, on the present record, the Court cannot grant the motion for default judgment and the request is denied. (Dkt. 15).

- 4 -

Plaintiff is directed to either file a new motion for default judgment addressing these issues on or before August 20, 2025, or alternatively it may stipulate to dismiss the action without prejudice on or before that date.

SO ORDERED.

_____<br>
ELIZABETH A. WOLFORD<br>
Chief Judge<br>
United States District Court

Dated:    July 30, 2025
         Rochester, New York